Reese, J.
delivered the opinion of the court.
The .defendant in error brought this action of detinue, to recover certain slaves, in the circuit court for Bradley county *147 against the intestate of plaintiff in error. The latter pleaded in abatement the commencement and pending of another suit by the defendant in error against her for the same cause, in the circuit court of McMinn county. The defendant in error demurred to the plea in abatement. This demurrer was on argument overruled; and thereupon, on application and affidavit of defendant in error leave was given to him to file a replication to said plea, stating that since the plea was filed he had dismissed his suit in the circuit court of McMinn county. The intestate of the plaintiff in error, objected to the reception of the replication by the court, but it was received by the court and ordered to be filed. The plaintiff’s intestate, took no further notice of the replication, no demurrer was filed to it, nor was issue taken thereon, nor was there any further order of the court on said proceedings in abatement. Said replication was neither sustained nor overruled. There was no judgment of respondeat ouster. But the intestate of the plaintiff in error in this state of things did plead over to the action, “not guilty of the alledged detainer,” and the statute of limitations, upon which issue was taken and the cause tried upon its merits, and a verdict and judgment rendered for the plaintiff below, the defendant here.
It is not necessary here to determine whether the replication to the plea in abatement, which the circuit court permitted to be filed, ought to have been overruled or sustained if it had been demurred to. There is some conflict in the authorities on the subject; and that conflictmade the reception of the replication for the present not improper in order to a more solemn discussion of the law arising thereon upon demurrer, if the opposing party should choose to demur. A court in permitting a plea or replication to be filed, does not pledge itself to the ultimate maintenance of such plea or replication; and the final action of the court on such plea or replication, and not the permission given to file it, must constitute in the court above the ground upon which the assignment of error must be placed. Here the party pleaded over to the action voluntarily; for the reception of the replication was no legal compulsion to plead over. There being no judgment of respondeat otester, there could be no such legal compulsion. And, therefore, the whole proceeding in *148 abatement was voluntarily waived, and whatever error'may have intervened in such proceedings, it cannot be here assigned for the reversal of a judgment rendered in a case where the parties abandoning their controversy about the writ without any final judgment of the court thereon, choose, themselves, to place the controversy between them upon the action itself.
The facts shown in the record with a view to a new trial taken all together, do not make out a case which calls upon this court to interfere.
There was evidence to sustain the verdict; it was sustained by the judge presiding, and we will not disturb it. Affirm the judgment.